[Cite as *Davis v. Sean M. Holley Agency, Inc.*, 2012-Ohio-4970.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| CHAZ DAVIS | : | |
| | : | Appellate Case No.   25107 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 08-CVF-8082 |
| v. | : | |
| | : | |
| SEAN M. HOLLEY AGENCY, INC. | : | (Civil Appeal from Dayton |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of October, 2012.

. . . . . . . . . . .

RICHARD G. KNOSTMAN, Atty. Reg. #0007212, 4428 North Dixie Drive, Dayton, Ohio 45414
        Attorney for Plaintiff-Appellee

DAVID M. DUWEL, Atty. Reg. #0029583, and TODD T. DUWEL, Atty. Reg. #0069904, 130 West 2nd Street, Suite 2101, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    The Sean M. Holley Agency, Inc. ("SHA"), appeals from the trial court's

decision and entry on remand reducing a judgment in favor of plaintiff-appellee Chaz Davis

from $3,736 to $1,936.

{¶ 2} In its sole assignment of error, SHA contends the trial court erred in calculating how much the damages should be reduced to account for impairment to SHA's right to quiet enjoyment of office space it leased.

{¶ 3} The facts underlying the present dispute are fully set forth in this court's October 29, 2010 opinion in *Davis v. Sean M. Holley Agency, Inc.*, 2d Dist. Montgomery No. 23891, 2010-Ohio-5278 ("*Davis I*"). Briefly, Sean Holley, an insurance agent, leased office space from Nicoll, Inc. The property had been purchased by Nicoll under a land contract with Davis. While Holley was renting the space, a roof leak developed in June 2007. Nicoll failed to correct the problem. As a result, Holley withheld rent from June 2007 through February 2008, when Holley vacated the property. At some point, Davis advised Holley that he was foreclosing against Nicoll's interest under the land contract.

{¶ 4} After regaining ownership of the property, Davis filed the present lawsuit against SHA for unpaid rent. The matter proceeded to a bench trial in November 2009. The trial court found that Holley stopped paying rent due to water damage that Nicoll failed to prevent. The trial court determined that the unpaid rent totaled $5,800. After making deductions for a security deposit and other costs Holley incurred, the trial court entered judgment against SHA and for Davis in the amount of $3,736 plus interest and costs. SHA appealed.

{¶ 5} In *Davis I*, this court reasoned:

Holley's testimony, which was uncontradicted, is substantial evidence showing that the ceiling leaks and related damage to the premises deprived Holley of his right to the peaceable and quiet enjoyment of the premises he

leased from Nicoll. Nicoll had agreed to both keep the premises, including the roof, in good repair and to protect [Holley's] right of peaceable and quiet enjoyment. Nicoll breached those promises. Nicoll's breach deprived Nicoll of the right to the rent Holley agreed to pay, to the extent that Holley's right of peaceable and quiet enjoyment was impaired.

Davis's claim for relief against Holley is derivative of Nicoll's rights against Holley, and is likewise diminished by the degree of impairment to Holley's right of peaceable and quiet enjoyment that Holley suffered because of Nicoll's breach. On this record, the trial court was charged by law to determine the extent of that breach and to reduce the amount of any award to which Davis might be entitled accordingly. The court failed to do that. We believe that the court abused its discretion in so doing.

The assignment of error is sustained. The judgment of the trial court will be affirmed with respect to the award of $3,736 the court ordered in favor of Davis, but reversed, in part, and remanded for further proceedings to determine the extent to which that award should be reduced to account for the impairment of Holley's right of peaceable and quiet enjoyment of the premises arising from Nicoll's breach of his promises to Holley.

*Davis I* at ¶ 28-30.

**{¶ 6}** On remand, the trial court and the parties apparently agreed that no additional hearing would be necessary. (Doc. #3). The trial court reviewed the trial transcript and found that leaking water had impaired SHA's right to peaceful and quiet enjoyment of the property

in the amount of $225 per month. The trial court found that such impairment occurred each of the eight months that SHA did not pay rent, resulting in a total impairment of $1,800. Finally, the trial court deducted this $1,800 from its prior judgment of $3,736, resulting in a $1,936 damages award to Davis. The trial court entered judgment for Davis in that amount plus interest and costs. (*Id*. at 2).

{¶ 7}   On appeal, SHA contends the trial court erred in reducing its monthly rent obligation by only $225 for the eight months that leaking water occurred. SHA argues that the trial court should have found that it had *no obligation* to pay rent for those months. Crediting itself a full $725 per month for the eight months, SHA calculates that it actually was entitled to judgment in its favor as follows: $725 x 8 = $5,800 - $3,736 (the amount of the prior judgment in favor of Davis) = $2,064 judgment in favor of SHA.

{¶ 8}   Upon review, we find SHA's argument to be without merit. In compliance with this court's remand, the trial court reviewed the evidence and determined the extent to which Davis's $3,736 judgment should be reduced to account for impairment of Holley's right to peaceable and quiet enjoyment of the premises. The trial court valued the impairment at $225 per month for each of the eight months. Contrary to SHA's argument, the trial court acted within its discretion in arriving at that figure. "It is for the trier of fact to determine the degree or amount of intrusion and loss of use for which the tenants will be compensated" when a landlord breaches the covenant of quiet enjoyment. *Cincinnati Ins. Co. v. Evans*, 6th Dist. Wood No. WD-09-012, 2010-Ohio-2622, ¶ 54. Here the trial court reasonably could have found that SHA still derived value from occupying the leased office despite the water problems. The trial court was not required to accept as conclusive Holley's testimony that he

"wouldn't have paid fifty dollars for the property in the condition that it was in." (Transcript at 26).

**{¶ 9}**    Finally, we reject SHA's argument that *Davis I* compelled the trial court to reduce its rent obligation to zero for each month that the water problem remained. SHA relies on language in *Davis I* explaining that "[w]hen the landlord breaches the covenant of quiet enjoyment, the tenant is relieved of its obligation to pay rent for the premises." *Davis I* at ¶ 12. Later in its opinion, however, this court was more precise. It explained that "Nicoll's breach deprived Nicoll of the right to the rent Holley agreed to pay, *to the extent that Holley's right of peaceable and quiet enjoyment was impaired*."  (Emphasis added.)   *Id.* at ¶ 28; *see, also Evans* at ¶ 54 (reasoning that "[t]he trial court was not required to award the full amount of rent for each month after" the covenant of quiet enjoyment was breached). As a result, this court properly remanded the matter for the trial court to "determine the extent to which [Davis's judgment] should be reduced to account for the impairment of Holley's right of peaceable and quiet enjoyment of the premises * * *." *Davis I* at ¶ 30. The trial court complied with this court's mandate, and we see no error.

**{¶ 10}**   SHA's assignment of error is overruled, and the judgment of the Dayton Municipal Court is affirmed.

. . . . . . . . . . . .

FROELICH and CELEBREZZE, JJ., concur.

(Hon. Frank Daniel Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Richard G. Knostman
David M. Duwel
Todd T. Duwel
Hon. Daniel G. Gehres